WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Claimant, Billy Joe Simmons, age forty-eight, was last employed by employer Fa-yette Cotton Mill as a section man or “fixer” which means he was responsible for maintaining a certain amount of frames. While at work on December 14, 1977, claimant stepped on a piece of chalk and “turned his ankle over,” but finished working his shift. The following night he went to the emergency room at Fayette Hospital. His foot was X-rayed. There being no broken bones, an ace bandage was wrapped on his ankle. His ankle worsened and Dr. Peacock put a cast on his foot for several weeks.
The cast was ineffectual in alleviating claimant’s pain, and Dr. Peacock referred him to Drs. Boston and Buckley, Orthopedics, in Tuscaloosa. Claimant was hospitalized and underwent surgery for something known as sympathetic blockage. Claimant then saw a neurosurgeon, Dr. Walter Whi-tehurst, in Birmingham, who diagnosed his malady as reflex sympathetic dystrophy, which is a condition that can result when a relatively minor injury to a nerve causes the sympathetic nerves to become abnormal.
Dr. Whitehurst surgically implanted a dorsal stimulator in claimant’s spinal cord in an attempt to control the pain in the extremity affected. Subsequently, the stimulator was removed because of infection and then later reinserted to control pain. Presently the stimulator is not in and claimant takes a prescription called Perco-dan, which is a strong narcotic used to relieve pain.
Claimant received workmen’s compensation payments from the date of his injury until March 12, 1981, at the rate of $120 per week. Payments ceased when claimant was assigned a thirty-five percent disability to the body as a whole.
On September 23, 1981, claimant filed suit in the Circuit Court of Fayette County, seeking benefits for total permanent disability. In September 1982, the trial court entered judgment in favor of employer, denying claimant’s claim for further benefits. Claimant’s subsequent motion for a new trial was denied. Claimant appeals.
On appeal claimant raises two issues; (1) whether there was any evidence of no physical disability of claimant, and , (2) whether there was any evidence of no vocational disability suffered by claimant.
“A review of the weight or preponderance of the evidence or whether the finding of fact by the trial court was correct is not properly before this court.” Suit v. Hudson Metals, Inc., 414 So.2d 115, 116 (Ala.Civ.App.1982), but rather “[W]e may only inquire as to whether there was any legal evidence to support the trial court’s finding.” (Emphasis supplied.) Id. Moreover, the trial court’s findings on conflicting evidence are conclusive. Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976), cert. denied, 342 So.2d 924 (Ala.1977). This court therefore, must juxtapose the trial court’s findings with the evidence presented at trial and determine if any of the evidence supports the court’s decision.
Specifically the trial court found:
1. That claimant received a minor injury for which he was entitled to receive compensation benefits.
2. That claimant did not prove that he received any permanent injury or disability (with all of its possible consequences of loss of income, decrease in ability to earn or the like) that was the direct or proximate result of the injury he sustained on December 14, 1977.
3. That the testimony of Drs. Gabriel Fernandez and Walter Whitehurst do not prove that claimant is totally or partially disabled as a result of the injury he received in December 1977.
4. That claimant’s testimony regarding his physical inability to do certain things is directly impeached by documentary evidence and testimony presented by appellee.
*636 5. That claimant does not now have any permanent disability, either partial or total as a result of the accident for which employer is liable.
The evidence of the trial court apparently relied upon was the testimony, photographs and film provided by a witness, Mr. Michael Reagan, an insurance investigator hired by employer. This evidence tended to controvert claimant’s alleged disability. Upon cross examination claimant denied that he could walk out in his front yard without the aid of crutches or use an axe to chop kindling wood. When asked if he had helped anyone pick up aluminum cans along a highway, he admitted accompanying his wife and a friend but denied picking them up from the floorboard of a car or helping to store them. Further testimony by claimant revealed a discrepancy between his answers given at trial and those given at a previous deposition regarding claimant’s ability to do woodwork and his use of a cane.
Mr. Reagan, the investigator, testified regarding what he and an associate observed and photographed while having claimant under surveillance. Claimant was seen walking with his weight on his cane, bending from the waist to remove what appeared to be aluminum cans from the floorboard of a vehicle and carrying them to another big pile of cans and sanding some woodwork. He was also seen and photographed using an axe to split wood.
Mr. Reagan also testified that two men in an Alabama Power Company car arrived at claimant’s house. Claimant used his crutches during the entirety of their visit but after their departure, claimant emerged from his house carrying his crutches over his shoulder.
While film, photographs and testimony such as that above do not lend increased credibility to claimant’s veracity, neither does it establish that no disability, either physical or vocational, exists. Such evidence does show claimant has walked without his crutches and has, at least on one occasion, sanded some woodwork and lifted aluminum cans, but this does not negate his claim of some physical and vocational disability.
It is correct that the general rule is that “[A]n expert opinion is not conclusive on the trier of fact even if the testimony was uncontroverted. Furthermore, the weight and credibility to be attributed to an expert witness is for the trier of fact.” Clark Lumber Co. v. Thornton, 360 So.2d 1019, 1021 (Ala.Civ.App.1978). Thus, while the court is not obligated to accept the experts’ conclusions, “[A]ll reasonable doubt in the evidence must be resolved in favor of the employee.” Lankford v. Redwing Carriers, Inc., 344 So.2d 515, 520 (Ala.Civ.App.1977).
Dr. Fernandez testified in deposition that claimant’s case is,
“[o]ne of the most complicated cases that I have seen stemming from a simple problem to begin with which was apparently a twisted ankle type problem .... I don’t think there is any question that from what I gather from the records now that after the month or so elapsed a problem of what they call reflex sympathetic dystrophy developed and coupled with that there was a problem with cellu-tis of the skin which is an infection of the skin itself.”
Dr. Fernandez further stated that he believed claimant suffers now from a herniated disc condition. Regarding claimant’s ability to work, Dr. Fernandez opined that, “I think he is incapable of working right now.”
Dr. Whitehurst testified in deposition that in his opinion claimant has a reflex dystrophy and that there is “very much of a possibility that if claimant’s dorsal stimulator cannot be successfully inserted and remain in place that claimant could become addicted to the narcotics that he would have to take to suppress his pain.” He then stated, “I don’t think he [claimant] should be working.”
Clearly from a review of the evidence presented, claimant has some disability. The inference presented by the impeaching evidence concerns the extent and severity *637 of the physical disability and the precise limitations such disability places on his vocational ability.
There is no disputing evidence but that his disability, whatever it is, results from the initial injury. If the effect of that injury has extended to other parts of his body, producing a greater and more prolonged incapacity than would naturally result, claimant is not limited in his recovery for the specific injury. Bell v. Driskill, 282 Ala. 640, 213 So.2d 806, 811 (1968). Claimant need not be absolutely helpless or entirely physically disabled to be assigned a permanent total disability, but rather he must be unable to perform his trade or unable to obtain gainful employment. J.S. Walton & Co. v. Reeves, 396 So.2d 699 (Ala.Civ.App.1981).
We find the evidence does not support the trial court’s determinations other than number “1.” The resolution of this case must be that of having some permanent partial disability. We reverse the trial court’s finding of no permanent disability and remand the case to that court only for a determination of the extent of such disability insofar as it affects his ability to earn.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs specially.