This is a workmen's compensation case.
The employee appeals the trial court's judgment that the plaintiff failed to establish any disability from her job-related injury and that she was entitled to no further medical treatment. *Page 699 
A review of the record reveals the following: Plaintiff was injured while working for the defendant and was paid compensation at the rate of $113.07 for thirty-five weeks with $25,231.18 in medical expenses. She has been hospitalized on three different occasions and has seen three different doctors, including a neurosurgeon. Her treatment has consisted of traction, physical therapy, medication and a series of injections over the right shoulder area. She has also undergone a myelogram and a CT scan. The company physician diagnosed her as having "nerve root irritation secondary to a soft tissue injury at her neck." He referred the plaintiff to the Brookwood Pain Management Center. He noted that she was suffering true pain and was not malingering.
The Pain Management Center, whose main staff consists of a neurological surgeon and a psychologist, concurred with the company physician that plaintiff was not malingering and diagnosed her as having "chronic, persistent cervical and right arm pain." They concluded that "with repetitive movement and motion that there was intensification of the pain and that that was probably tied into some type of muscular problem and that doing a job which required utilization of that right arm was probably not going to be in her best interests." After completing her program at the Pain Management Center, she was referred to the Division of Vocational Rehabilitation Services, State Department of Education of Alabama.
A rehabilitation counselor there determined that plaintiff could not return to her old job, which involved lifting and stooping and other repetitive manual labor. He also determined that she is not employable without rehabilitation training. These determinations were based in part on finding that plaintiff was subject to certain weight restrictions, namely that she could lift only a maximum of ten pounds frequently and thirty pounds infrequently. The counselor concluded that on the basis of these restrictions plaintiff was disabled, and that she required placement in a job that would not require lifting and turning. She was subsequently referred to the Huntsville Rehabilitation Center.
It was determined by a vocational evaluator and rehabilitation specialist that approximately sixty-five to seventy-five percent of all jobs previously available to the plaintiff had been eliminated as the result of her work-related injury. He testified that there had been a corresponding reduction in her earning capacity of sixty-five to seventy-five percent. He based his conclusions on plaintiff's weight restrictions. These restrictions had been arrived at through testing by the State Vocational Rehabilitation Office. The worksheet which listed these restrictions had been signed by the neurological surgeon at the Brookwood Pain Management Center.
The employee appeals, asserting three errors: (1) the trial court imposed a higher burden of proof than that required; (2) the trial court ignored material, uncontroverted evidence; and (3) the trial court relieved defendant from any obligation to pay medical bills arising from the on-the-job injury. We reverse the judgment of the trial court.
Appellant concedes that our standard of review is narrow. We must affirm if we find any evidence in the record to support the trial court's finding. Tidwell Industries, Inc. v. Kennedy,410 So.2d 109 (Ala.Civ.App. 1982). In pertinent part, the trial court findings in question read as follows:
 "The Court, however, is not reasonably satisfied from the evidence that the plaintiff sustained any further temporary total or temporary partial disabilities or any permanent partial disabilities from the accident made the basis of this complaint. The burden is upon the plaintiff to show that such disabilities exist and that such disabilities persist. Sufficient evidence exists to raise a doubt that the plaintiff is in any way disabled from the accident.
 "The plaintiff has failed to show that she has sustained a permanent partial disability to the body as a whole. There was no clear evidence presented on the issue of loss of ability to earn."
In our review of the trial court's judgment we may not weigh the evidence as to *Page 700 
any fact found. However, there must be some evidence to support the trial court's findings. Langham Small Motors v. Thomas,390 So.2d 1055 (Ala.Civ.App. 1980). What the trial court seems to be relying on in finding that the plaintiff may not be disabled is the fact that none of the doctors gave her a disability rating and that they were unable to diagnose with certainty the cause of her pain. However, all of the doctors and other personnel who treated the plaintiff were in agreement that she was suffering real pain from the job-related injury. The inability of the treating and examining physicians to determine the root cause of her continuing pain and disability does not make her less disabled.
The plaintiff contends that the language used by the trial court — i.e., "sufficient evidence exists to raise a doubt" — has the effect of making plaintiff prove her case beyond doubt, which is a higher burden of proof than that required. We can resolve this question without ruling directly on this point.
Though the trial court is not bound by experts' conclusions in workmen's compensation cases, all reasonable doubt in the evidence must be resolved in favor of the employee. Simmons v.Fayette Cotton Mill, Inc., 446 So.2d 634 (Ala.Civ.App. 1984). The expert opinions that were in evidence were uncontroverted on the issue of whether plaintiff had been injured and whether she suffered a disability as the result of the injury. The employer presented no material evidence. The question then is whether the trial court erred in resolving all doubt in favor of the employer. We find the answer to the question to be in the affirmative, given that there was no evidence upon which the trial court could find that the plaintiff was not disabled.
We rule similarly on the issue of whether there was any evidence upon which the trial court could find that there was no loss of ability to earn. Although no disability rating was ever given by any medical doctor, there was substantial testimony given that plaintiff was permanently disabled to the degree that rehabilitation was necessary for her to become employable at all. The finding that "there was no clear evidence presented on the issue of loss of ability to earn" does not comport with the facts.
The undisputed evidence of the injury, the subsequent and continuing pain, and the continuing inability to lift reasonable weight and perform the only work she is qualified to do may not be disregarded because the court may have some "doubt." We have searched the record in an effort to find the evidence which the court said existed to raise the doubt that the plaintiff was in any way disabled. Much of the evidence was presented by deposition. We have found no reasonable basis in the evidence for doubt that plaintiff was and is disabled. There is no burden upon plaintiff to establish her disability beyond doubt in any event. This court finds the evidence so preponderant in support of plaintiff's complaint, with no evidence to the contrary, that we must find the court below to have misapplied the law to the facts.
Having found the trial court to be in error in holding that plaintiff failed to establish any further disabilities, it must follow that the case is to be remanded to that court for reconsideration of the extent of the existing disability and a determination from the evidence of the loss of ability to earn resulting therefrom. When such disability is determined, it will carry with it as a matter of law that the employer must provide for payment of all future medical expense that may be reasonable and necessary for the treatment of her injury.Kimberly-Clark Corporation v. Golden, 486 So.2d 435
(Ala.Civ.App. 1986). § 25-5-77, Code of Alabama 1975.
The judgment of the trial court is reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 701