RUSSELL, Judge.
Tom Acuff filed a complaint against Robert Fox, alleging that he was due $6,123 *233 for construction work performed in 1988. The trial court entered a judgment in Acuff’s favor in the amount of $500. Acuff appeals. We affirm.
At the outset we note that when the trial court’s judgment is based upon findings of fact and the evidence is presented ore tenus, the judgment is reviewed with a presumption of correctness. Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538 (Ala.1988). Furthermore, the trial court’s findings will not be disturbed on appeal unless the judgment is so unsupported by the evidence as to make it plainly erroneous, palpably incorrect, or manifestly unjust. Id.
The record indicates that Acuff contracted with Martha Barnes to perform certain improvements to a space in a strip shopping center, which was to be used as a tanning salon. The original contract was for $7,000; however, Acuff agreed to do additional construction work for Barnes for a total amount of $14,123.
Barnes experienced financial difficulties and was unable to pay Acuff or to open the tanning salon. Fox, who had been working with Barnes to set up the business, approached Acuff about taking over the salon. According to Acuff, Fox agreed to pay for the total amount of improvements made by Acuff to the premises. Acuff’s response to questioning on cross examination indicates that Acuff told Fox that he expected to collect $5,000 from Barnes because of the bad checks she had written to him and that, if he was paid, Fox would owe the remaining $9,123. Fox paid Acuff $8,000 toward the cost of the work performed.
Fox was in prison and did not appear for trial; however, he was represented by an attorney who called four witnesses on Fox’s behalf. The witnesses testified that work had not been completed on the salon. Fox’s brother testified that he spent $400 or $500 to complete the electrical work. Another witness testified that he had painted the inside of the salon for two days, but he could not recall how much he was paid. A carpet installer stated that he had laid carpet at a cost of $160. (Acuff claims that he never contracted to install the carpet.)
Acuff contends that, in view of the trial court’s finding of liability, the trial court’s award is clearly erroneous and against the great weight of the evidence. We disagree.
The trial court found in favor of Acuff, apparently finding that there was an agreement between Acuff and Fox. Although Acuff testified that Fox agreed to pay $14,-123, the evidence also indicated that Fox may have agreed or expected to pay only $9,123. Fox paid $8,000, leaving either $6,123 or $1,123 to be paid. However, the trial court awarded Acuff only $500.
Fox’s defense at the hearing, presented by his witnesses, was that the work was not completed. We have examined the evidence, and it is apparent that the trial court could have found that Fox had only agreed to pay $9,123 to Acuff and that he, therefore, owed the lesser amount of $1,123, minus a setoff for work that was performed to complete the salon.
Viewing the trial court’s finding with the presumption of correctness, we find that the judgment is supported by the evidence and is not plainly erroneous, palpably incorrect, or manifestly unjust. The trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.