This is a workmen's compensation case.
In November 1989, Percilla Watson sued Presbyterian Retirement Corporation (PRC) for permanent partial workmen's compensation benefits and sought damages for wrongful termination. She alleged that while employed as a baker in PRC's Westminster Village in December 1988, she slipped and fell on a wet floor, suffering an injury to her knee. She received medical treatment, including arthroscopy, in February 1989, and was released to return to work without restrictions in May 1989. The record reveals that when Watson returned to work for PRC, her former position had been filled, and she was offered a different position on a different shift with equal pay and with an opportunity to change shifts when a position became available. Watson rejected that offer and obtained other employment. Ultimately, Watson underwent a subsequent arthroscopy in January 1991 and was assigned a 25% disability rating to her left knee.
PRC's motion to sever the two causes of action was granted. The jury returned a verdict favoring PRC on the wrongful termination action, and following an ore tenus proceeding the trial court found in favor of PRC and against Watson on the workmen's compensation claim. Hence, this appeal.
Watson raises numerous issues on appeal; however, we find that the following issues are dispositive: 1) whether the trial court improperly based its workmen's compensation ruling on the jury's verdict in the wrongful termination claim; 2) whether the trial court committed reversible error by finding that Watson's refusal to accept the job offered to her by PRC thereby ended PRC's obligations to Watson; 3) whether the trial court erred in failing to find that Watson suffered compensable permanent partial disability; 4) whether the court misapplied the "pre-existing condition" rule; 5) whether the trial court erroneously construed the medical and vocational evidence; and 6) whether the trial court erred in taxing costs to Watson.
A two-step standard of review applies in workmen's compensation cases. Initially, this court must determine whether any legal evidence exists to support the *Page 626 
trial court's findings. If we find that such evidence exists, we must then determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991). Further, when the trial court's findings of fact are based upon evidence presented ore tenus, the resulting judgment is reviewed with a presumption of correctness. Acuff v. Fox, 597 So.2d 232 (Ala.Civ.App. 1992).
 I.
Watson first contends that the trial court erroneously based its workmen's compensation judgment on the jury verdict against her in her wrongful termination action against PRC. Watson had sued PRC for wrongful termination pursuant to Ala. Code 1975, § 25-5-11.1, which prohibits employers from discharging an employee solely because that employee filed a workmen's compensation action. In the workmen's compensation action, Watson's former supervisor testified that Watson was offered a job with equal pay upon her return to work, and that Watson rejected the position. Further, Watson objected to PRC's attempt to postpone the wrongful termination action until the workmen's compensation action was decided. We are not convinced that the trial court considered the result of the wrongful termination action in making the determination regarding Watson's workmen's compensation claim. The record contains ample evidence adduced at trial which supports the trial court's denial of Watson's workmen's compensation claim without consideration of the result of the wrongful termination action. Even if the trial court considered that verdict, no injury resulted. Rule 45, A.R.App.P.
 II.
Watson next argues that the trial court erred in finding that she refused to return to work for PRC following her medical release. Ala. Code 1975, § 25-5-57(a)(3)e., states:
 "If an injured employee refuses employment suitable to his or her capacity offered to or procured for him or her, he or she shall not be entitled to any compensation at any time during the continuance of the refusal, unless at any time, in the opinion of the judge of the circuit court of the county of his or her residence, the refusal is justifiable."
There is undisputed evidence in the record that Watson was offered, and rejected, suitable work at PRC after her injury. Such evidence clearly supports the trial court's finding.
 III.
Watson next contends that the trial court should have included findings regarding permanent partial disability and loss of earning capacity to comply with Ala. Code 1975, §25-5-88. Although the trial court made no such findings, this omission is not fatal. When the trial court's findings are meager or omissive, this court will look to the evidence to see if the trial court's judgment can be sustained. Littleton v.Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App. 1985). The record contains ample evidence from which the trial court could reasonably conclude that Watson sustained no permanent injury and no loss of earning capacity; namely, the "full release to full duties" that her physician granted, her own testimony that she was able to return to PRC as a baker, and her subsequent employment elsewhere.
Additionally, Watson argues that, failing to find permanent partial disability, the trial court should have awarded benefits for an injury to a scheduled member pursuant to Ala. Code 1975, § 25-5-57(a)(3)d. Loss of earning ability is not directly concerned in determining compensation for loss of use to a scheduled member. Patrick v. Femco Southeast, Inc.,565 So.2d 644 (Ala.Civ.App. 1990). The record discloses that Watson's knee was examined by two physicians following the injury. The first physician detected no swelling, no X-ray anomalies, and recommended against arthroscopy at that time. The second physician performed arthroscopy twice and ultimately assigned Watson a 25% permanent disability in her knee; however, *Page 627 
he testified that this was a presurgical estimate and that her disability rating would decrease as her knee recuperated from surgery. Additionally, he testified that Watson's knee problems were pre-existing and probably were not related to her fall at Westminster Village. A trial court is not bound by the testimony of expert witnesses, even when that testimony is uncontroverted. Patrick, supra. The trial court must consider all the evidence, including its own observations, and interpret the evidence according to its own best judgment. Genpak Corp.v. Gibson, 534 So.2d 312 (Ala.Civ.App. 1988). The record simply does not support a finding of a loss to a scheduled member.
 IV.
Watson next contends that the trial court misapplied Ala. Code 1975, § 25-5-58, the "pre-existing condition" section, to her case. The trial court's order states in part,
 "[t]he Court further finds that the evidence is unclear as to the continuing nature of the injury and whether or not the injury was exacerbated by employment obtained by [Watson] after she was released to return to work full time."
Watson argues that the wording of the order indicates that the trial court was improperly influenced by the testimony concerning Watson's pre-existing knee condition, and therefore wrongly denied benefits. It is well settled in Alabama that a pre-existing injury or condition does not disqualify a worker from receiving benefits if that condition is not disabling and does not affect the worker's job performance. Robinson Foundry,Inc. v. Tinsley, 510 So.2d 825 (Ala.Civ.App. 1987). That section is inapplicable where, as here, the claimant performed the job normally prior to the injury. Robinson, supra.
Additionally, the trial court here did not find a permanent disability, nor would the evidence support such a finding.
 V.
Watson next argues that the trial court misconstrued the medical and vocational evidence. The trial court, which has broad discretion, considers many factors and is not bound by the opinions of expert witnesses, even if their opinions are uncontroverted. Alverson v. Fontaine Fifth Wheel Co.,586 So.2d 216 (Ala.Civ.App. 1991). We find no abuse of discretion here.
 VI.
Finally, Watson contends that the trial court improperly taxed costs against her. Watson argues that the trial court's assessing costs, sua sponte, against her amounted to a mandatory taxation of costs. The authority for taxing costs in workmen's compensation cases is found in Ala. Code 1975, §25-5-89, which states in part:
 "Costs may be awarded by said court in its discretion, and, when so awarded, the same costs shall be allowed, taxed and collected as for like services and proceedings in civil cases. . . ."
Clearly, taxing of costs is a matter that lies within the discretion of the trial court, subject to the guidelines of Rule 54(d), A.R.Civ.P. Littleton, supra. We have thoroughly reviewed the record, and find no abuse.
The judgment, therefore, is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.