[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1336 
This is a workmen's compensation case.
In May 1991, Roy Robert Raines sued Browning-Ferris Industries of Alabama, Inc. (BFI), seeking workmen's compensation benefits pursuant to Ala. Code 1975, § 25-5-1 et seq., and damages against BFI and two co-employees for failure to provide a safe place to work, and claiming damages against BFI for retaliatory discharge. Raines alleged that he was employed by BFI when he was injured in December 1989, in the line and scope of his employment. The record reveals that Raines underwent medical treatment for a fractured leg and a dislocated ankle, and the parties stipulated that BFI paid Raines's medical expenses and 29 weeks of temporary total disability benefits. After the injury, Raines returned to work for BFI at the same rate of pay as prior to the accident. Raines alleged that his employment with BFI was terminated in February 1991, solely because he sought workmen's compensation benefits. There is other evidence in the record indicating that Raines's employment with BFI was terminated for insubordination.
During an ore tenus proceeding in April 1992, Raines voluntarily dismissed his retaliatory discharge claim and the claim against one of his co-employees. The trial court, in its order of May 1992, found, inter alia, that Raines did not sustain a reduction in his earning capacity, that the co-employee claim against BFI was precluded by the exclusivity provisions of Ala. Code 1975, § 25-5-53, and that Raines was not entitled to recover on the remaining co-employee claim. The trial court ordered, inter alia, that Raines was not entitled to recover further benefits from BFI and that Raines was not entitled to future medical expenses. Raines appeals.
Raines contends on appeal that the trial court erred in finding that he was not permanently partially disabled; he contends that he should be awarded future medical expenses; and he contends that the trial court erred in holding that he was not entitled to recover on his co-employee claim against BFI and against Conrad Mehan, his co-employee.
The two-step standard of review in workmen's compensation cases requires, initially, that the reviewing court look to see if *Page 1337 
there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991).
Raines first contends that the trial court erred in not awarding benefits for permanent partial disability. As a basis for finding Raines had suffered no loss of earning capacity, the trial court's order noted that Raines's post-injury earnings were equal to his pre-injury salary. When an employee's post-injury earnings equal or exceed his pre-injury earnings, there exists a presumption that the employee has suffered no loss of earning capacity. Lankford v. InternationalPaper Co., 454 So.2d 988 (Ala.Civ.App. 1984). This presumption can be rebutted by independent evidence of incapacity, or evidence indicating that the employee's post-injury earnings are an unreliable basis for determining earning capacity. Marley Erectors, Inc. v. Rice, 585 So.2d 1379
(Ala.Civ.App. 1991). Factors which would indicate that post-injury earnings are an unreliable basis for estimating earning capacity include an increase in general wage levels since the time of the accident; a claimant's greater maturity or training; longer hours worked by the claimant after the injury; disproportionately high wages paid to the claimant out of sympathy; and the temporary and unpredictable character of post-injury earnings. Marley Erectors, supra.
Raines presented a doctor's deposition which indicated that Raines sustained a 10% impairment to his body as a whole. A rehabilitation consultant testified that Raines's overall disability rating was approximately 55%. Raines did not, however, present any evidence to rebut the presumption that his post-injury earnings were a reliable indicator of his earning capacity, nor did he establish his incapacity by independent evidence. The record reveals that upon Raines's release to work, he worked at the same rate of pay until February 1991, when he was discharged for insubordination. The evidence supports the trial court's determination that Raines failed to rebut the presumption that his earning capacity was not diminished.
Raines next contends that the trial court erred in failing to award him future medical expenses. Once a trial court determines that a claimant has sustained a physical disability, then such determination carries with it as a matter of law that the employer must pay all future medical expenses which are reasonable and necessary for the treatment of such injury.Conley v. SCI Systems, Inc., 495 So.2d 698 (Ala.Civ.App. 1986). Future medical expenses are recoverable if they are related to the injury, are reasonable and necessary, and are obtained with the employer's authorization. Jones v. PickensCounty Health Care, 589 So.2d 754 (Ala.Civ.App. 1991). Here, however, the trial court made no finding of permanent disability, and our review of the record evidence reveals no error in its failure to do so. Therefore, the trial court correctly refused to award any future medical benefits. Davisv. City of Tuscaloosa, 494 So.2d 643 (Ala.Civ.App. 1986).
Before considering Raines's final issue which concerns co-employee claims, we address BFI's jurisdictional challenge. The jurisdiction of the court of Civil Appeals is set out in Ala. Code 1975, § 12-3-10, which, inter alia, grants this court exclusive jurisdiction over workmen's compensation cases and civil cases in which the amount in controversy does not exceed $10,000. Raines's co-employee claim is a civil tort action for damages, not a workmen's compensation claim. Johnson v. AsphaltHot Mix, 565 So.2d 219 (Ala. 1990). BFI contends that this court does not have jurisdiction over the co-employee aspect of this cause, because Raines sought $500,000 in compensatory and punitive damages.
BFI correctly asserts that the amount in controversy exceeds this court's jurisdictional limits. We note, however, that the usual procedure where a claimant has filed a complaint seeking both workmen's compensation and tort relief is for these two claims to be severed. See, e.g., Lowman v. Piedmont ExecutiveShirt Manufacturing Co., 547 So.2d 90 (Ala. 1989); Watson v.Presbyterian Retirement Corp., 615 So.2d 624 *Page 1338 
(Ala.Civ.App. 1992). The record indicates that BFI did not move to sever the causes at trial and did not seek a jury trial on the co-employee and retaliatory discharge claims. Raines's notice of appeal to this court includes both the workmen's compensation and the co-employee aspects of the cause, without objection from BFI. We are therefore left with the choices of: (1) transferring the entire case to the Supreme Court; (2) exercising jurisdiction over the workmen's compensation claim only; or (3) exercising jurisdiction over all the issues raised on appeal.
Noting that this court exercises exclusive jurisdiction over workmen's compensation cases, and bearing in mind that the Alabama Rules of Civil Procedure allow for complete adjudication of all claims, and also that the general rule of appellate jurisdiction is that the court which assumes jurisdiction over one aspect of an appeal should assume jurisdiction over all the issues raised therein, this court will proceed to adjudicate all the issues contained in this appeal.
Raines unpersuasively argues that his co-employee suit against BFI is not barred, and that the trial court erred in finding no culpability attached to district supervisor Conrad Mehan.
Ala. Code 1975, §§ 25-5-52 and -53, state that the rights and remedies granted to an employee by the workmen's compensation laws shall exclude all other rights and remedies of the employee, and that no employer shall be civilly liable to the employee for work-related personal injuries. A workmen's compensation claim is the sole remedy in situations where the employee brings suit against the employer for injuries arising out of the claimant's employment. Parker v. Thyssen MiningConstruction, Inc., 428 So.2d 615 (Ala. 1983). The exclusivity provisions of the workmen's compensation laws do not apply to tortious conduct committed outside the course of the claimant's employment, such as fraud or outrage. Lowman, supra. Raines's co-employee claim against BFI arises out of the injury sustained in the course of his employment, and thus is barred by the exclusivity provisions.
Raines last argues that the trial court erred in finding that he was not entitled to recover on his co-employee claim against Conrad Mehan. Ala. Code 1975, § 25-5-11(b), grants a workmen's compensation claimant a civil cause of action for injuries resulting from the "willful conduct" of their co-employees. Section 25-5-11(c)(1) defines "willful conduct" as a "purpose or intent or design to injure another," and § 25-5-11(c)(2) states that the willful and intentional removal of a safety guard or safety device from a machine with knowledge that injury or death would likely result from such removal is "willful conduct." In Moore v. Reeves, 589 So.2d 173 (Ala. 1991), our Supreme Court held that the door and door-closure mechanism of a vehicle is a "safety guard" or "safety device" within the meaning of § 25-5-11(c)(2), and "that the failure to maintain and/or repair a safety guard or device provided by the manufacturer of a particular machine would be tantamount to the 'removal of' or the 'failure to install' a safety guard or device." Moore at 178.
Moore is readily distinguishable from the instant case. InMoore, the claimant was injured when the door of his vehicle opened. He had previously refused to drive that vehicle because of its state of disrepair, which was that the door would not close properly and the driver had to hold the door closed while driving. His supervisors knew about the door problems for several months, but no repairs had been made. Additionally, the vehicle had no safety belts. Further, his supervisor had once instructed him not to use the vehicle because its doors made it unsafe.
In the instant case, several current and former BFI employees submitted affidavits and testimony that the passenger-side door of the truck in question had opened before; however, company officials testified that they had no knowledge of any problem with the door; that the daily reports, compiled by the truck's drivers, did not indicate any door problem immediately prior to Raines's accident; that the truck had safety belts; and that immediately after the accident, an independent mechanic found no fault with the doors. *Page 1339 
The evidence adduced at trial may show that BFI was negligent in the upkeep of this truck; however, it does not support a conclusion that BFI or Mehan set out purposely, intentionally, or by design to injure anyone. Ala. Code 1975, § 25-5-11(c)(1). "Short of substantial certainty that injury or death would occur, a purpose, intent, or design to injure another was not intended to be reasonably inferable from evidence showing only knowledge and appreciation of a risk of injury or death."Williams v. Price, 564 So.2d 408, 411 (Ala. 1990). Clearly, this case does not fall within the ambit of Ala. Code 1975, §25-5-11(c)(2).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.