RICHARD L. HOLMES, Retired Appellate Judge.
This is a workmen’s compensation ease.
On August 30, 1991, while in the line and scope of his employment with Prattville Steel Erectors, Inc. (employer), Marvin “Butch” Killough (employee) received an on-the-job injury which resulted in his death. Thereafter, Brenda Killough and Dorothy Endress Killough (Dot Killough) each claimed to be the common-law wife of the employee at the time of his death and to be entitled to certain death benefits under the Workmen’s Compensation Act.
After an ore tenus hearing, the trial court issued an order, wherein it determined that, at the time of his death, the employee was not married to either woman and that no workmen’s- compensation benefits were due anyone from the employer as a result of the employee’s death.
Dot Killough appeals. Brenda Killough does not appeal. We affirm.
The dispositive issue is whether Dot Killough was the common-law wife of the employee at the time of his death.
At the outset, we note that both parties to this appeal have favored the court with excellent briefs, for which we are grateful.
There is a two-step standard of review in workmen’s compensation cases. First, it must be determined whether there is any legal evidence to support the findings of the trial court. Then it must be determined whether any reasonable view of that evidence supports the judgment of the trial court. Watson v. Presbyterian Retirement Corp., 615 So.2d 624 (Ala.Civ.App.1992). The judgment of the trial court is viewed with a presumption of correctness when the evidence has been presented ore tenus. Watson, 615 So.2d 624.
As the trial court noted in its order, Adams v. Boan, 559 So.2d 1084, 1086 (Ala. 1990), sets out the elements of a valid common-law marriage in Alabama, as follows:
“(1) capacity; (2) present agreement or mutual consent to enter into the marriage *814 relationship, permanent and exclusive of all others; (3) public recognition of the existence of the marriage; and (4) cohabitation or mutual assumption openly of marital duties and obligations.”
The trial court stated in its order that Brenda Killough established to the satisfaction of the trial court that she met elements 1, 3, and 4. The trial court further stated that Dot Killough established to the satisfaction of the trial court that she met elements 1 and 4.
In our review of the record, we note that the employee had been married to Brenda Killough from 1961 until 1980 and that three children were born of that marriage. They were divorced in 1980. Thereafter, Brenda Killough and the employee would live together for periods of time until they would have a disagreement and separate. During these periods of separation, the employee would live with other women, including Dot Kil-lough.
It is apparent from the evidence presented to the trial court that Dot Killough was unable to establish that she and the employee had an “agreement or mutual consent to enter into the marriage relationship, permanent and exclusive of all others.” Adams, 559 So.2d at 1086 (emphasis added). The evidence demonstrated that the employee drifted back and forth between a relationship with Brenda Killough and a relationship with Dot Killough.
In view of the above, it can hardly be said that the evidence does not support the actions of the trial court. The case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.