Charlie **BROOKS** and Julia Brooks, Plaintiffs,

v.

**PAULK & COPE, INC.,** d/b/a **Bonnie Plant Farm, Inc., SPX Corporation, Carquest Auto Parts and Tool of Montgomery, Al, Inc., etc.,** Defendants.

No. Civ.A. 01–A–1070–N.

United States District Court, M.D. Alabama, Northern Division.

Dec. 12, 2001.

---

Edward E. Angwin, Paul C. Williams, Thomas Means Gillis & Seay PC, Birmingham, AL, for plaintiffs.

Donald B. Kirkpatrick, II, Carr, Allison, Pugh, Howard, Oliver & Sisson, PC, Birmingham, AL, for Paulk & Cope, Inc., defendant.

E. Martin Bloom. Friedman Leak & Bloom PC, Birmingham, AL, for SPX Corp., defendant.

Jeffrey L. Luther, Lucian B. Hodges, Luther, Oldenburg & Rainey, PC, Mobile, AL, for Carquest Auto Parts and Tool of Montgomery, AL, Inc., defendant.

### *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Remand, filed by the Plaintiffs on October, 19, 2001.

The Plaintiffs, Charlie Brooks and Julia Brooks, originally filed their Complaint in the Circuit Court of Bullock County, Alabama on August 3, 2001. The Plaintiffs bring a claim for Workers' Compensation Benefits against Paulk & Cope, Inc. d/b/a Bonnie Plant Farm, Inc. (Count I), a request for appointment of an attorney (Count II), claims for negligence and wantonness against SPX Corporation ("SPX") and Carquest Auto Parts and Tool of Montgomery, AL, Inc. ("Carquest")[1] (Count III), and a claim under the Alabama Extended Manufacturer's Liability Doctrine against SPX and Carquest (Count IV).

The Defendants removed the case to this court on the basis of diversity jurisdiction. They have argued that although Paulk & Cope, Inc. and the Plaintiffs are not diverse, Paulk & Cope, Inc. has been fraudulently joined.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

### II. *REMAND STANDARD*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is

---

1. Although the Defendant is Carquest Auto Parts and Tool of Montgomery, Alabama, it is apparently undisputed that Carquest Auto Parts and Tool of Montgomery, Alabama is a company organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina. *See* Notice of Removal, page 3; Complaint at page 2.

limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

## III. *FACTS*

The facts, as they pertain to the Motion to Remand, are as follows:

Charlie Brooks was employed by Paulk & Cope, Inc. d/b/a Bonnie Plant Farm, Inc. ("Paulk & Cope"). Charlie Brooks was observing a co-worker use an air wrench when the socket allegedly came apart, causing parts of it to strike Charlie Brooks' hand and arm. As a result, Charlie Brooks states that he has suffered severe and permanent injuries to his right arm and hand for which he has obtained medical treatment.

A controversy has arisen between Charlie Brooks and his employer as to the amount of Alabama Workers' Compensation Act benefits to which he is entitled. Charlie Brooks has brought claims asserting that SPX and Carquest and other fictitious defendants were negligent and wanton in failing to warn of the danger posed by the socket. Julia Brooks has brought a claim for loss of consortium against SPX, Carquest, and fictitious defendants.

## IV. *DISCUSSION*

■ A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one

defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff. The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder." Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979)[2]; *see also Thomas v. Jim Walter Homes, Inc.,* 918 F.Supp. 1498 (M.D.Ala.1996).

■ The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir.1998). If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court. *See Bolling v. Union Nat'l Life Ins. Co.,* 900 F.Supp. 400, 407 (M.D.Ala. 1995).

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

■ The burden of proving fraudulent joinder rests with the Defendants as the removing parties. *See Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964); *see also Bolling,* 900 F.Supp. at 406. In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe,* 113 F.3d at 1538. In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff...." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989); *Crowe,* 113 F.3d at 1538.

In this case, the Defendants have argued for the application of the third method of establishing fraudulent joinder. *See* SPX Corporation's Response, page 6 ("It is our contention that the third situation is applicable in this matter."); Carquest's Response, page 6 (same). Specifically, the Defendants state that the Plaintiffs have fraudulently joined a claim for workers' compensation benefits against a resident defendant with a third party tort claim against two foreign corporations who would have been entitled to remove had the claim for workers' compensation benefits against the resident defendant not been joined. The Defendants argue that while the claims involve the same accident, they have no real connection.

The Defendants articulate three bases for their argument that there has been fraudulent joinder in this case: the claim for workers' compensation benefits is not removable, plaintiffs are not entitled to a jury trial for the claim against Paulk & Cope, and issues and damages involved in the two claims are entirely different. The Defendants further contend that the amount in controversy has been established by a preponderance of the evidence because an unspecified amount of punitive damages has been sought by the Plaintiffs for personal injury.

There is apparently no question in this case that the claim for workers' compensation benefits asserted by Charlie Brooks is due to be remanded. The issue before this court, therefore, is whether the entire case is due to be remanded, or whether this court may sever the workers' compensation claim, remand it, and then entertain jurisdiction over the tort claims asserted against the non-resident defendants.

A party can not be misjoined if joinder is proper. Necessarily, therefore, the court's analysis of fraudulent misjoinder must begin with the text of Federal Rule of Civil Procedure 20. *Rudder v. Kmart Corp.,* 1997 WL 907916 (S.D.Ala. Oct 15, 1997). That rule provides, in pertinent part, as follows:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.Pro. 20.

■ In *Tapscott,* the Eleventh Circuit explained that misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of establishing a cause of action. *Tapscott,* 77 F.3d at 1360. To meet the standard of fraudulent joinder, however, it is not sufficient to establish merely that defendants have been misjoined. *Id.* The misjoinder must be so egregious as to constitute fraudulent joinder. *Id.* ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree ... that Appel-

lants' attempt to join these parties is so egregious as to constitute fraudulent joinder."). In *Tapscott,* one plaintiff class had claims against one defendant and another plaintiff class had claims against another defendant. The only commonality between the claims was that the defendants allegedly had violated the same state statutes. *Id.*

The Defendants in this case have argued that the Rule 20 standard does not allow for the joinder of a worker's compensation case and a tort claim against third parties. The Defendants have argued that workers' compensation benefits claims are severed from tort claims against third parties by Alabama state courts. The cases cited by the Defendants certainly indicate that state circuit courts have severed workers' compensation benefits claims from tort claims, but the cases do not articulate the basis for such an action. *See e.g., Raines v. Browning–Ferris Industries of Alabama, Inc.,* 638 So.2d 1334, 1337 (Ala.Civ. App.1993). In *Raines,* the court stated "the usual procedure where a claimant has filed a complaint seeking both workmen's compensation and tort relief is for these two claims to be severed." *Id.* at 1337. In support of this proposition, the court cited to two decisions wherein the Alabama Supreme Court and Alabama Court of Civil Appeals, respectively, merely recited that the state trial court had granted motions to sever. *Id.* at 1337–38 (citing *Lowman v. Piedmont Exec. Shirt Manufacturing, Inc.,* 547 So.2d 90, 92 (Ala.1989); *Watson v. Presbyterian Retirement Corp.,* 615 So.2d 624, 625 (Ala.Civ.App.1992)). In the *Raines* decision itself, however, the trial court had not severed the cases, apparently, as the Court of Civil Appeals noted, because no motion to sever had been filed in the trial court. *Id.* at 1338.

The Plaintiffs have cited this court to cases which they contend stand for the opposite proposition: that Alabama courts have allowed workers' compensation benefits claims to proceed along with tort claims against third parties. In one of those decisions, *Ex Parte Jenkins,* 510 So.2d 232 (Ala.1987), claims against the employer and against health care providers were allowed to proceed in the same case. A significant distinction between that case and the instant one, however, is that the claims against the employer in *Ex Parte Jenkins* apparently were tort claims for negligence and wantonness, not a claim for workers' compensation benefits. *Id.* at page 233. The case relies on another decision in which parents filed suit against a medical laboratory, for inaccurately typing a mother's blood years before her child was born, and physicians who treated and performed blood testing of the mother while she was pregnant. *Guthrie v. Bio–Medical Laboratories,* 442 So.2d 92 (Ala. 1983). The same kind of claim was presented in the out-of-circuit district court case cited by the Plaintiffs. *See Garcia v. Tetra Laval Conv. Foods, Inc.,* 2000 WL 278084, No. 97Civ9035–WK, (S.D.N.Y. March 14, 2000). In *Garcia,* because there was a question as to whether the plaintiff could proceed against his employer in tort, or was limited to his workers' compensation remedy, which could be resolved in favor of the employee's ability to proceed against the employer on a tort theory, the federal court concluded that the employer had not been fraudulently joined. *Id.* at pages *2–3. Accordingly, while these cases certainly stand for the proposition that defendants against whom several liability are sought can properly be permissibly joined, they do not directly speak to the specific issue of whether a claim for workers' compensation benefits can properly be joined with a tort claim against a third party.

The only case cited by the Plaintiffs which arises from facts involving a claim for workers' compensation benefits is

*Priest v. Sealift Services Int'l*, 953 F.Supp. 363 (N.D.Ala.1997). The issue in that case was whether a notice of removal was timely where the defendants first moved in the state court to sever a workers' compensation claim from the tort claims against third parties, the state court granted the severance, and the third party claims were then removed. The court determined that if it was improper to name the employer as a defendant, then the time for removal began running when the first defendant was served. *Id.* at 364.[3] This reasoning appears, however, to merely be an identification of the appropriate time for removal, rather than a determination of the issue of whether the employer was properly named. The court stated that it "understands that some Alabama trial judges under similar procedural circumstances, instead of severing a workers' compensation count from a tort count, try to a jury the tort count against alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials." *Id.* The court also reasoned that taking jurisdiction over the tort claims could mean that a plaintiff prevailing in federal court before the conclusion of his workers' compensation case could mean that the employer might not have an opportunity to seek subrogation. *Id.*

A judge of this district followed the *Priest* statement that Alabama judges do not sever workers' compensation claims from tort claims, and remanded a case asserting a workers' compensation claim against an employer and products liability claims against the manufacturer of a machine. *See Mary Ann Brascom, et al. v. Morbark, Inc.*, et al., 01–D–1082–N, Slip Op. at pages 7–8 (M.D.Ala. Nov. 20, 2001) (De Ment, J.).

It appears to this court that the Rule 20 requirements are met in this case. The Plaintiffs have sought several liability against two defendants for damages sustained as a result of the same alleged work-related incident. Although the claim against one defendant is for workers' compensation and the claims against the others are tort claims, the claims seem to at least involve common questions of fact. In addition, the Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only "several" liability. The permissive joinder standard has been held to be satisfied in a case in which a employee joined a claim against a union for discrimination and a claim against an employer for wrongful discharge. *See Rumbaugh v. Winifrede R.R. Co.*, 331 F.2d 530 (4th Cir.), *cert. denied*, 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341 (1964).

The Defendants have emphasized that the remedies sought in a workers' compensation claim and a tort claim are different, and that only tort claims, not workers' compensation claims, are tried before a jury. The court finds no authority, however, for the proposition that the nature of the relief sought, or the method by which relief is awarded, undermines the applicability of Rule 20 if the plaintiff is seeking joint, several, or alternative liability for claims with common questions of law or fact. There are case management procedures, for example, procedures applied in cases in which both money damages and equitable relief are sought, which could apply in this case. *See Priest*, 953 F.Supp. at 364. In addition, the mere fact that the workers' compensation claim is not removable to federal court does not alter the fact that several liability is sought against de-

---

**3.** The issue not being before this court, the court expresses no opinion as to the determi-nation of the timeliness issues in *Priest*.

fendants for claims involving common questions of fact.

Even if, however, the Defendants in this case have been misjoined, the court cannot conclude that this misjoinder is sufficient to find that there has been fraudulent joinder in this particular case. As earlier discussed, misjoinder must be egregious in order for there to be fraudulent joinder. Egregious misjoinder was recognized in *Tapscott*, which was a case in which two groups of plaintiffs asserted claims against different defendants that bore no factual commonality. This case does not meet that standard, as Charlie Brooks has asserted claims against both Paulk & Cope and SPX and Carquest.

 Furthermore, and perhaps of more significance, there appears to at least be a question under Alabama law as to whether the joinder of a workers' compensation claim and tort claim against a third party is proper permissive joinder. While the Alabama Court of Civil Appeals noted that the "usual procedure" is to sever such claims, the court has been cited to no authority, and is aware of none, which states that a state circuit court must sever such claims. In absence of such authority, the Plaintiffs' actions in joining those claims can hardly be viewed as egregious. *See also Crowe*, 113 F.3d at 1538 (questions of substantive law must be resolved in favor of the plaintiffs). In addition, although the Defendants apparently contend that the Plaintiffs joined these Defendants in one action to avoid federal jurisdiction, it is irrelevant whether a plaintiff joins defendants with such intent as long as legitimate claims are alleged against all defendants and the plaintiff has the intent to pursue a judgment against the defen-

dants. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir.1998). There is absolutely nothing in the record which would indicate that the Plaintiffs do not intend to seek a judgment against all of the Defendants. This court cannot conclude, therefore, that, to the extent that there may be misjoinder in this case, the Plaintiffs have engaged in egregious misjoinder. Accordingly, the court concludes that the resident Defendant has not been fraudulently joined.[4]

## V. *CONCLUSION*

For the reasons discussed, the court concludes that the resident Defendant has not been fraudulently joined and that the absence of complete diversity in this case requires the case to be remanded. A separate Order will be entered in accordance with this Memorandum Opinion.

## *ORDER*

In accordance with the Memorandum Opinion entered on this day, it is ORDERED as follows:

(1) The Plaintiff's Motion to Remand (Doc. # ) is GRANTED and this cause is hereby REMANDED to the Circuit Court of Bullock County, Alabama.

(2) The clerk is DIRECTED to take all steps necessary to effect this remand.

---

4. There being no complete diversity, the court need not address the amount in controversy requirements arguments advanced by the parties. The court does note, however, as pointed out by the Plaintiffs, that the Defendants' evidence as to the amount in controversy exceeding the jurisdictional amount consists of cases decided before *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).