794 So.2d 382 (1999)
DAN RIVER, INC.
v.
James V. HIGGINS.
2980878.
Court of Civil Appeals of Alabama.
November 12, 1999.
Rehearing Denied January 28, 2000.
John W. Clark, Jr., and Tommy C. Ritter, Jr., of Clark & Scott, P.C., Birmingham, for appellant.
William P. Boggs and Amy J. Hayes of Boggs & Hayes, Clanton, for appellee.
YATES, Judge.
James V. Higgins sued his employer, Dan River, Inc., on April 25, 1995, seeking workers' compensation benefits for an occupational disease, byssinosis. Higgins alleged that he had contracted the disease *383 while working within the line and scope of his employment, by inhaling minute particles of cotton dust. Following an ore tenus proceeding, the court, on March 25, 1999, entered a final judgment, finding that Higgins was 100% totally disabled. The court stated, in part:
"3. On January 29, 1994, [Higgins] sustained an occupational disabling disease arising out of and in the course of his employment with the Defendant, Dan River, Inc., to wit: byssinosis.
"4. [Higgins] has suffered an occupational disease as defined in [Ala.Code 1975, §§ ] 25-5-110 et seq. To wit: byssinosis, caused by a hazard peculiar to the textile industry.
"5. The Court further finds that [Higgins] has suffered permanent, total disability under Title 25-5-57, subparagraph (4). That [Higgins] is 66 years old and he has been employed as a cotton mill worker for 40 years, that [Higgins] finished high school and it appears to this Court that he is not qualified by education, training or experience to do any other work except that of a doffer in a cotton mill which required stamina and physical effort."
Dan River appeals.
Dan River contends that the trial court erred in finding that Higgins suffers from byssinosis, and it argues that Higgins's claim was barred by the two-year statute of limitations.
This case is governed by the new (1992) Workers' Compensation Act. This new Act provides that an appellate court's review of the proof and its consideration of other legal issues shall be without a presumption of correctness. § 25-5-81(e)(1), Ala.Code 1975. It further provides that when an appellate court reviews a trial court's findings of fact, those findings will not be reversed if they are supported by substantial evidence. § 25-5-81(e)(2). Our supreme court "has defined the term `substantial evidence,' as it is used in § 12-21-12(d), to mean `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This court has also concluded: "The new Act did not alter the rule that this court does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ. App.1995).
This court has, in prior decisions, addressed the technical aspects and causes of byssinosis. In Dan River Mills, Inc. v. Foshee, 365 So.2d 1232, 1234 (Ala.Civ.App. 1979), we stated:
"The record reveals that byssinosis is an occupational respiratory disease long associated with workers in the cotton industry. In its later stages, its symptoms are indistinguishable from those of bronchitis and pulmonary emphysema. However, in its early stages byssinosis is distinguishable from these other two diseases in that the subject with byssinosis experiences a symptom known as the `Monday Morning Syndrome.' Subjects with bronchitis or emphysema do not experience this symptom. Victims who experience the `Monday Morning Syndrome' feel extreme chest discomfort on Monday mornings after a weekend absence from inhaling the ever present cotton dust in the mill. The Monday morning discomfort gradually decreases as the work week progresses, presumably because the victims again begin to inhale the cotton dust which causes the disease.
"With respect to the causes of byssinosis, the record further indicates that *384 the state of current medical knowledge is not such that there is agreement among the scientific community as to its exact cause. It is agreed however, that the disease is virtually unknown outside the cotton textile industry."
There, we affirmed the trial court's judgment that an employee had met his burden of proving that he had contracted byssinosis through his employment, despite the conflicting medical testimony indicating that the employee did not have byssinosis. Id. at 1236; see also Clark v. Russell Corp., 671 So.2d 677 (Ala.Civ.App.1995).
Higgins began working for Dan River in May 1954. His duties included sweeping the floor, running cards, and doffing; he retired as a supervisor. Higgins stated that he was exposed to cotton fibers for at least 25 years and that he would be covered with cotton dust when he left the plant. His symptoms included shortness of breath and pain in his chest. He further stated that he would improve during the weekends while he was away from the job; however, the symptoms would increase on Mondays and then would gradually improve during the week. Higgins stated that he saw his treating physician on almost a weekly basis, because his symptoms were so severe; that his doctor had advised him to stop working in that environment; and that he eventually retired, because his poor health did not allow him to perform his duties.
The medical evidence is disputed. Dr. Robert Hambaugh, Higgins's primary physician, began treating him in the early 1990s for sinusitis and bronchitis. Dr. Hambaugh stated in deposition that he had written several letters on Higgins's behalf requesting that he be removed from his work environment. Dr. Hambaugh summarized one letter, stating:
"[F]or three years, I have been this man's doctor and treated him for multiple recurrent episodes of acute and chronic bronchitis. His job requires him to be exposed to industrial inhalants which have significantly contributed to his present conditionthat was my opinionand also pose a serious threat to his future health. He needs to be removed from that environment immediately for his own safety."
When questioned as to the cause of Higgins's condition and the possible diagnosis of byssinosis, Dr. Hambaugh responded:
"A. I don't know what his actual exposure was. I know only what he told me his exposure was and that was to various kinds of fumes, meaning solvent fumes, smoke of one kind or the other. And in particular, textile fibers. Textile fibers are known to cause very serious pulmonary diseases, which are chronic and progressive and even fatal.
"Q. Are there tests that can be run to determine whether or not this exposure to the textile fibers has caused such a condition?
"A. There would be no test that would be 100 percent reliable. The evidence for this would be the history of the person being in a particular place for a particular length of time for the exposure to have taken place. And based on that we know from animal models and other forms of experiments that have been done, that there is an association between that kind of exposure and chronic disease.
"Q. Did he have byssinosis?
"A. Byssinosis is, in fact, the pulmonary disorder that I'm talking about. I have never made the specific diagnosis of byssinosis in this person. I believe that the only way you could do that would be to go into his chest and into his lung and take a biopsy to see if fibers of that kind were actually present. Up to now, I haven't been willing to do that."
*385 Dr. Brian Forrester, a specialist in occupational and environmental medicine, examined Higgins on behalf of Dan River. Dr. Forrester concluded that Higgins did not have byssinosis, but, instead, suffered from adult asthma. Dr. Forrester stated that "byssinosis is a lung disorder caused by exposure to cotton dust." Dr. Forrester stated that he did not believe Higgins suffered from byssinosis because, he said, "Higgins did not manifest the typical Monday morning chest tightness that you see with byssinosis. And there appeared to be no relation to his symptoms and work exposure." Dr. Forrester admitted that there was no test that would diagnose byssinosis and that he had never diagnosed anyone with the disease.
Higgins was also examined by Dr. Gaeton Lorino, a specialist in pulmonary medicine. Dr. Lorino stated in deposition that Higgins did not have byssinosis, but, "probably ha[d] some other type of pulmonary disease, probably asthma which was being treated." Dr. Lorino also stated that he did not find any evidence of a chronic problem that could be related to cotton dust exposure. He surmised that Higgins probably suffered from an asthmatic condition that had been worsened by working in that environment.
It is well settled that in a workers' compensation case the court has wide discretion in reviewing the evidence and is not bound by any certain medical evidence. 3-M Co. v. Myers, 692 So.2d 134 (Ala.Civ. App.1997).
"`The trial court is not bound by expert testimony, but, having observed the claimant and having heard his testimony, it is able to exercise its own judgment in reaching its conclusions. Further, in arriving at its judgment, the trial court may consider all the evidence before it, as well as its own observations. The trial court may then interpret what it has heard and observed, according to its own judgment.'"
Id., at 137 (citations omitted). Additionally, in a workers' compensation case questions of the weight of the evidence are not before this court on appeal. Id.
After reviewing the record, we cannot say that the trial court erred in finding that Higgins suffered from byssinosis and is 100% disabled. The evidence indicated that Higgins's symptoms were consistent with a diagnosis of byssinosis and that his condition was caused by his regular exposure to cotton dust during his 40 years of employment with Dan River. The courts of this state have consistently held that "a disease is compensable when it is caused by or is aggravated by the nature of the employment." Ex parte Cash, 624 So.2d 576, 577 (Ala.1993); see also Bidermann Industries Corp. v. Peterson, 655 So.2d 997 (Ala.Civ.App.1994).
The record further supports the court's finding that Higgins's claim is not barred by the statute of limitations. The applicable statute of limitations provides that claims for compensation for occupational diseases are barred unless they are brought within two years from the date of injury. § 25-5-117, Ala.Code 1975. "Date of injury" is defined as the date of last exposure to the hazards of the disease. § 25-5-117(b), Ala.Code 1975. We note that questions of fact in workers' compensation cases are to be determined by the trier of fact. See Health Care Auth. of the City of Huntsville v. Henry, 600 So.2d 324 (Ala.Civ.App.1992). The trial court determined that Higgins's last date of exposure came in January 1994. Higgins filed his complaint in January 1995; therefore, he met the statutory requirement.
We conclude that there is legal evidence to support the trial court's findings and *386 that a reasonable view of the evidence supports its judgment.
AFFIRMED.
ROBERTSON, P.J., and MONROE J., concur.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
I conclude that the worker did not file his workers' compensation claim within the period allowed by the statute of limitations. In his complaint, the worker alleges that he developed an occupational disease, byssinosis, in the line and scope of his employment. It is undisputed that byssinosis is caused by the inhalation of cotton dust and fibers. The worker testified that he was repeatedly exposed to cotton dust and fibers while working at the company's plant in Clanton. He worked at that plant until 1977. In 1977, he began working at a plant in Wetumpka that did not process cotton, and he worked at that plant until 1993. The worker testified that the Wetumpka plant did process some cotton on one occasion, and that on that occasion he was exposed to cotton dust and fibers. The worker did not testify when that one exposure at the Wetumpka plant occurred.
A worker alleging an injury from an occupational disease must file a claim within two years of "the date of the last exposure to the hazards of the disease." Ala.Code 1975, § 25-5-117(b). The worker has the burden of proving all the elements of a workers' compensation claim. Big B Discount Drugs, Inc. v. Parker, 401 So.2d 115 (Ala.Civ.App.1981). The worker did not prove that he had been exposed to cotton dust and fibers (the cause of byssinosis) within two years of filing his complaint. As stated above, the evidence indicates that the worker was exposed to cotton dust and fibers at the Clanton plant, but that he left the Clanton plant in 1977 and that after that he was not exposed to cotton dust and fibers, except for one time. The worker did not give the date of that one exposure; therefore, I conclude that the worker did not satisfy his burden of proving that he filed his claim within the two years allowed by the statute of limitations.
THOMPSON, J., concurs.