On Application for Rehearing
This court's opinion of April 14, 2000, is withdrawn, and the following is substituted therefor.
In June 1996, Stella V. Smith ("the employee") suffered an injury while lifting a piece of video equipment in the line and scope of her employment with Jimoco, Inc. ("the employer"). She was diagnosed with work-related carpal-tunnel syndrome in both wrists, a completely torn right-shoulder rotator cuff, and severe permanent nerve damage. She underwent carpal-tunnel release surgeries on both wrists and a further surgery to repair the rotator-cuff tear. After her surgeries, she underwent a number of treatments, including physical therapy, steroid injections, and pain medication, that proved unsuccessful in reducing the severe chronic pain, sleeplessness, and depression that she has undergone on a daily basis since her injury.
The employee filed an action in December 1996 against the employer for benefits under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975; she also asserted fraud and retaliatory-discharge claims against the employer and one of its agents. The fraud and retaliatory-discharge claims were severed, pursuant to Rule 21, Ala.R.Civ.P., from the workers'-compensation claim, and a motion to reconsolidate the claims for discovery purposes was subsequently denied.
On February 19, 1999, the trial court set the case for a trial to be held in June 1999. On April 6, 1999, the employer filed a motion to compel an "independent medical examination" of the employee by a neurologist. However, the trial court ultimately denied that motion and a subsequent renewed motion. This court denied the employer's petition for a writ of mandamus to vacate the denial of the employer's renewed motion to compel examination. Ex parte Jimoco, Inc., [No. 2981429, Aug. 10, 1999] ___ So.2d ___ (Ala.Civ.App. 1999) (table).
After an ore tenus proceeding, the trial court entered a judgment on August 25, 1999, finding the employee to be totally and permanently disabled as a result of her workplace injuries, and awarding the employee benefits under the Workers' Compensation Act. The trial court also awarded the employee's counsel a lump-sum attorney fee of $38,568.18 based upon its calculation of 15 percent of the present value of the total of payments to be made to the employee over her life expectancy, *Page 718 
which the trial court determined to be 23.67 years. The employer appeals.
Because the employee's injury occurred in 1996, the "new" Workers' Compensation Act applies to this case, under which our standard of review is settled:
 "The standard of review this court must apply in cases under the new Act is derived from § 25-5-81(e)(1), Ala. Code 1975, which provides: `In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.' Furthermore, the new Act provides that `in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.' § 25-5-81(e)(2). The Alabama Supreme Court has defined `substantial evidence' as `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala. 1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala. 1996)."
Gibbons v. Shaddix Pulpwood Co., 699 So.2d 225, 226
(Ala.Civ.App. 1997).
The employer's first issue is the same issue that it presented in its mandamus petition: whether the trial court erred in failing to compel the employee to submit to an additional neurological examination.[1] Section 25-5-77(b), Ala. Code 1975, states that an injured employee "shall submit to examination by the employer's physician at all reasonable times," and provides for the suspension of compensation payments if an injured employee refuses to comply with a reasonable examination request. The threshold determination of the reasonableness of the employer's request, and thus of the reasonableness of any refusal of the employee to submit to an examination, is "a question of fact for the trier of fact." Health Care Auth. of Huntsville v. Henry, 600 So.2d 324,327 (Ala.Civ.App. 1992) (affirming denial of trial court's denial of motion to compel an employee to submit to an examination where, among other things, there was no evidence to show a reasonable expectation that the examination could lead to treatment that would improve the employee's condition).
In this case, the trial court specifically found that there was no reasonable expectation that the proposed examination would improve the employee's condition. There is substantial evidence in the record to support that finding: the employee testified that medication had not alleviated her pain, and that although she had undergone therapy on her hands, wrists, and shoulder, those conditions had not improved. While the employee, of course, agreed with the employer's counsel that she would be interested in improving her function if there were some way to accomplish such improvement, the trial court could have concluded that because two carpal release surgeries, rotator cuff surgery, extensive therapy and medication had failed to improve the employee's condition, there was no reasonable expectation that yet another examination could help the employee. Further, the employer sought the employee's examination approximately two months before a scheduled trial, and did so solely to protect its financial interest.
Under Henry, the determination of whether the employee has reasonably refused to submit to a medical examination "is a question of fact for the trier of fact" (600 So.2d at 327), and we may not reverse that determination "if [the trial court's] finding is supported by substantial evidence." § 25-5-81(e)(2), Ala. Code 1975. Substantial evidence supports the trial court's finding of reasonableness in this case. Therefore, on the authority of Henry, *Page 719 
supra, we conclude that the trial court's denial of the employer's motion to compel examination was proper.
This holding does not impose a new and unprecedented requirement on the part of employers of showing that an examination sought pursuant to § 25-5-77(b), Ala. Code 1975, must necessarily result in medical improvement on the part of the employee. All that this court has done is review whether a factual determination in a workers'-compensation action, i.e., that an employee's refusal of an additional neurological examination is reasonable, is supported by substantial evidence. Henry established that there is no legal impediment to the trial court's considering, as a component of the ultimate question of whether an injured employee has reasonably refused an examination, whether the proposed examination, in view of all of the facts, is reasonably calculated to lead to medical improvement. Thus, the principle that a trial court need not compel an examination of an employee in the face of substantial evidence tending to show that the proposed examination would not lead to treatment that would improve the employee's condition is neither a new nor an unprecedented one.
The employer also insists that the trial court was required to compel examination because the employee did not identify any "risks associated" with the examination the employer requested. That proposition, if accepted, would require the overruling of Henry, which held that denial of a motion to compel an examination was not reversible error where no evidence existed to show a reasonable expectation that the examination could lead to treatment that would improve the employee's condition. We decline the employer's invitation to overrule Henry by imposing a prima facie evidentiary burden upon employees to show that proposed examinations may do positive harm.
We emphasize that while Henry correctly acknowledges that the standards for determining the reasonableness of a refusal of a request for an examination and the reasonableness of a refusal of medical treatment are not precisely the same, it also recognizes that the issue of reasonableness in either instance is a fact question. Were we to reverse the trial court's determination that the employee's refusal to submit to an examination was, in fact, reasonable, we would be substituting our own judgment for that of the trial court despite the existence of substantial evidence supporting the trial court's judgment — a power this court simply does not have. See McSween v. Michelin Tire Corp., 698 So.2d 146,150 (Ala.Civ.App. 1997).
The employer's second issue concerns the calculation of the attorney-fee award to the employee's counsel; under Ex parte St. Regis Corp., 535 So.2d 160 (Ala. 1988), the employer has standing to contest the amount of that award. In St. Regis, the Supreme Court held that a lump-sum attorney fee in a workers' compensation case is limited to 15 percent of the aggregate award of compensation, reduced to its present value. See § 25-5-90(a), Ala. Code 1975. In this case, the trial court, in calculating the present value of the total payments to be made to the employee over her expected lifetime, determined the length of that period to be 23.67 years, which according to the appropriate 1980 CSO Standard Mortality Table is the life expectancy of a woman whose "Age Near Birthday" is 57 years, i.e., a woman who is or will be 57 years old on the date of her nearest birthday. However, the employer notes that the employee actually reached the age of 57 years on January 7, 1999, which was more than seven months before the trial court entered its final judgment, and that the employee would be closer to her 58th birthday than her 57th at that time.
The employee correctly notes that the trial court's use of the Standard Mortality Tables printed in the back of each *Page 720 
year's Acts of Alabama[2] to calculate the present value of her compensation benefits is not erroneous where the employer has failed to demonstrate that a lower or a higher figure for the employee's life expectancy should be used. E.g., Miller v. Haithcock,599 So.2d 37 (Ala.Civ.App. 1992). However, while the trial court's decision to rely upon the Standard Mortality Tables is not reversible error, its judgment reflects a misreading or a misapplication of those tables. The trial court erred in determining that the employee, whose nearest birthday would be her 58th birthday, had the life expectancy of a woman whose nearest birthday was, or would be, her 57th; it should have instead calculated the fee of the employee's counsel based upon the present value of a life expectancy of 22.86 years, rather than 23.67 years.
Based upon the foregoing facts and authorities, we affirm the judgment of the trial court, except as to its award of attorney fees. As to that portion of the judgment, we reverse, and remand the cause for further proceedings, to include a recalculation of the employee's future weekly benefits. We note that on remand, pursuant to St. Regis, "it is incumbent on the trial court, with the aid of counsel, to determine the appropriate time period for calculating the present value," and that "[f]or the number of weeks this case was on appeal, [counsel for the employee] is entitled to a full 15 percent of the weekly benefits that were or should have been paid, without any reduction, because these payments have already accrued and are not due in the future."535 So.2d at 163 n. 3.
ORIGINAL OPINION OF APRIL 14, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, and Crawley, JJ., concur.
Thompson, J., concurs in the result.
[1] We address the merits of that issue because "[t]he denial of a petition for a writ of mandamus does not have any res judicata effect." Jack Ingram Motors v. Ward, 768 So.2d 362, 365
(Ala. 1999).
[2] See § 35-16-3, Ala. Code 1975.