BRYAN, Judge,
concurring in the result in part and dissenting in part.
I dissent from the main opinion insofar as it concludes that Meinhardt unreasonably refused to accept medical treatment, thus resulting in the suspension of her compensation benefits pursuant to § 25-5-77(b), Ala.Code 1975. In its judgment, the trial court found:
“Dr. Wilkerson[, Meinhardt’s psychiatrist,] has diagnosed ... Meinhardt as suffering [from] Post Traumatic Stress Disorder [ (‘PTSD’) ] and Major Depression ....
[[Image here]]
“Cynthia Meinhardt attended her appointments with Dr. Wilkerson, on a regular basis, between February 2004 and March 2005. Cynthia Meinhardt, however, did not return for psychiatric treatment with Dr. Wilkerson again until October 24, 2006. According to Dr. Wilkerson, Cynthia Meinhardt purportedly ceased attending psychiatric treatment between March 2005 and October 2006 because she did not like taking medication and because she had become ‘discouraged.’ ...
“According to Dr. Wilkerson, one of the symptoms of Post Traumatic Stress Disorder is avoidance of the stimuli that brought on the disorder in the first place. The disorder itself can cause patients to avoid therapy and treatment sessions because, inevitably, they will start talking about the traumatic event. In his experience, avoidance will cause patients to stay away from therapy because they want to avoid reliving the stressful event, in Cynthia Meinhardt’s case a brutal knife attack in which she was stabbed forty-seven (47) times. In his record of the October 24, 2006 session, Dr. Wilkerson notes that Cynthia Meinhardt [secludes herself in her house]. PTSD being a specific type of an anxiety disorder, seclusion is a natural response to the unpleasantness of anxiety. The patient tries to cut down on the stimulus causing anxiety by staying home. In Dr. Wilkerson’s opinion the avoidance of stimuli, being one of the symptoms of PTSD, is part of the reason why Cynthia Meinhardt did not attend psychiatric treatment between March 2005 and October 2006.
“Dr. Wilkerson testified that major depression often creates feelings of hopelessness about the future and a general lack of energy. These feelings of hopelessness can frequently lead to feelings that the patient will not ever get better no matter what they do, and can lead to missing appointments or discontinuance of treatment on that basis. The disorder itself can drive the patient to not attend treatment.”
(Citations to Dr. Wilkerson’s testimony in the record omitted.)
Based on those findings, the trial court found that Saad’s failed to establish that Meinhardt had unreasonably refused to accept psychiatric treatment between March 2005 and October 2006. As the employer, Saad’s bore the burden of establishing that Meinhardt had unreasonably refused treatment, thus resulting in the suspension of Saad’s obligation to pay compensation benefits to Meinhardt, pursuant to § 25-5-77(b). 2 Terry A. Moore, Alabama Workers’ Compensation § 25:4 (West 1998). Whether the employee unreasonably refused to accept medical treatment is a question of fact to be resolved by the trial court. Health Care Auth. of Huntsville v. Henry, 600 So.2d 324, 327 (Ala.Civ.App. *862 1992). This court will not reverse a trial court’s judgment based on factual findings if those findings are supported by substantial evidence. § 25 — 5—81(e)(2), Ala.Code 1975. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Considering the totality of Dr. Wilkerson’s testimony, the trial court’s finding that Saad’s failed to demonstrate that Me-inhardt had unreasonably refused to accept psychiatric treatment is supported by substantial evidence. Given the facts of this case, a fair-minded person in the exercise of impartial judgment could reasonably infer that Saad’s failed to establish that Meinhardt had unreasonably refused to accept psychiatric treatment between March 2005 and October 2006. Accordingly, § 25-5-77(b) does not preclude Mein-hardt from receiving compensation benefits for that period.
In all other respects, I concur in the result reached by the main opinion.