**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**19-780**


**STATE OF LOUISIANA**

**VERSUS**

**$15,300 US CURRENCY (FOR**

**REFERENCE ONLY: TERRELL JORDAN NOEL)**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2019-00436
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy Howard Ezell, and Candyce G. Perret,
Judges.


**AFFIRMED IN PART, REVERSED IN PART,**
**AND REMANDED.**

**John F. DeRosier**
**District Attorney**
**Fourteenth Judicial District Court**
**Karen C. McLellan**
**Robert S. Kleinschmidt, Jr.**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 600**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **State of Louisiana**

**Tedrick K. Knightshead**
**Knightshead Law Firm**
**2415 Government Street**
**Baton Rouge, LA 70806**
**(225) 388-5265**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **$15,300 US Currency**

**SAUNDERS, Judge.**

In this matter we must decide whether the trial court properly denied Plaintiff's Peremptory Exception of No Standing and/or Motion to Strike.

**FACTS AND PROCEDURAL HISTORY:**

On October 10, 2018, the Combined Anti-Drug Task Force Criminal Patrol Unit conducted a traffic stop on Interstate 10 with a 2007 Lincoln Navigator for violating La.R.S. 32:79, Improper Lane Usage. The owner and driver of the vehicle, Claimant, Terrell Jordan Noel ("Mr. Noel"), gave the officer written permission to search his vehicle. As a result of the search, a large amount of money ($15,300.00 in U.S. currency) was seized from the vehicle. Later that day, the district attorney's office served a Notice of Pending Forfeiture upon Mr. Noel concerning the $15,300.00 seized during the search. The notice stated that Mr. Noel should comply with the requirements of La.R.S. 40:2610 in order to preserve his rights to the money seized. On November 11, 2018, Mr. Noel filed a Request for Return of Seized Property. In the request, Mr. Noel stated that the State failed to comply with La.R.S. 46:2909, et al, as it failed to provide him with the specific basis or the specific nature of the allegations surrounding the forfeiture. Attached to the request were bank statements for Mr. Noel's personal account with Regions Bank for June, July, and August of 2018, and bank statements for T&L Collective, LLC's account with Woodforest National Bank for July, August, and September 2018.

On January 25, 2019, the State filed its Petition for Forfeiture. On February 28, 2019, Mr. Noel filed an answer. On August 17, 2019, the State filed a Peremptory Exception of No Standing and/or Motion to Strike, which was set for hearing on May 30, 2019. On July 18, 2019, the hearing was continued to July 31, 2019. The parties agreed to submit the matter on the briefs. On August 1, 2019, the trial court issued a ruling denying the State's exception, and ordered that Mr. Noel's

$15,300.00 be returned to him. The State filed a Notice of Intention to Seek Supervisory Writs of Review and Request for Stay of the Proceedings. On October 7, 2019, this Honorable Court denied the writ and converted the writ to a suspensive appeal.

On October 16, 2019, the State filed a Motion and Order for Appeal, which was granted. It is from this judgment that the State appeals, alleging two assignments of error.

## ASSIGNMENTS OF ERROR

1. The trial court was manifestly erroneous in denying the State's Peremptory Exception of No Standing and/or Motion to Strike in direct contradiction with the claim requirements of LSA-R.S. 40:2610(B).

2. The trial court abused its discretion by ruling on the merits of the case when the hearing was limited to the State's Peremptory Exception of No Standing and/or Motion to Strike in direct contradiction with the claim requirements of La.R.S. 40:2610(B).

## ASSIGNMENT OF ERROR NUMBER ONE:

In its first assignment of error, the State argues that the trial court's denial of its Peremptory Exception of No Standing and/or Motion to Strike is in direct contradiction with the claim requirements of La.R.S. 40:2610(B). We find no merit to this contention.

An appellate court reviews the factual findings of a trial court under the manifest error-clearly wrong standard of review. *Rosell v. ESCO*, 549 So.2d 840 (La. 1989).

> The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.

*Perry v. Clay*, 19-135 (La.App. 3 Cir. 12/18/19), 288 So.3d 163 (quoting *Reese v. State Dep't of Pub. Safety & Corr.*, 03-1615, p. 3 (La. 2/20/04), 866 So.2d 244, 246)).

Pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act (the "Act"), forfeiture proceedings shall be commenced as follows:

(3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:

(a) If the owner's or interest holder's name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.

La.R.S. 40:2608.

Louisiana Revised Statutes 40:2610 provides:

A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.

B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:

(1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.

(2) The address where the claimant will accept mail.

(3) The nature and extent of the claimant's interest in the property.

(4) The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.

(5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.

(6) All essential facts supporting each assertion.

(7) The specific relief sought.

The State commenced forfeiture proceedings against the currency found during the stop of the vehicle driven by Mr. Noel. The State issued a Notice of Pending Forfeiture pursuant to the Act. The Notice of Pending Forfeiture was served

3

on Mr. Noel pursuant to Subsection (3)(c). Mr. Noel forwarded a Claim/Affidavit to the District Attorney's Office for Calcasieu Parish pursuant to La.R.S 40:2610. The State then filed a Peremptory Exception of No Standing and/or Motion to Strike.

The procedural method chosen by the State was a mechanism to challenge Mr. Noel's standing to assert the purported claim for allegedly filing a deficient claim. The State argues that Mr. Noel's claim must be dismissed because his claim affidavit failed to comply with numbers three, four, and six of La.R.S. 40:2610(B), which are mandatory, not permissive. The State maintains that the bank records provided by Mr. Noel do not support the allegation that the U.S. currency seized in this matter was not contraband. In addition, the claim and attached bank records fail to provide for an accounting of the entirety of the seized assets.

Mr. Noel counters that the Peremptory Exception of No Standing and/or Motion to Strike is an improper procedural vehicle for questioning his right of action. *See* La.Code Civ.P. art. 681, which provides: "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." As referenced by Mr. Noel, when addressing a litigant's standing, the Supreme Court has found that the predicate requirement of standing is satisfied if it can be said that the [litigant] has an interest at stake in the litigation which can be legally protected. *In re: Melancon*, 05-1702, p. 9 (La. 7/10/06), 935 So.2d 661, 668. The burden of proof of establishing the exception of no right of action is on the exceptor. *City of New Orleans v. Bd. of Dir. of La. State Museum*, 98-1170 (La. 3/2/99), 739 So.2d 748. *See also* La.Code Civ.P. art. 964 (emphasis added) which provides: "The court on motion of a party or on its own motion may at any time and after a hearing *order stricken from any pleading* any insufficient demand or defense or any redundant, immaterial or impertinent, or scandalous matter." As referenced by Mr. Noel, a motion to strike is intended as a "means of cleaning up pleadings, not

4

a means of eliminating causes of action or substantive allegations." *Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 01-0345, pp. 7-8 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98, *writ denied*, 01-2115 (La. 7/26/01), 794 So.2d 384. Mr. Noel maintains that he is the owner of the property that was unlawfully seized from him. In addition, his claim for the return of the seized property meets the requirements of La.R.S. 40:2610.

Our review of the record reveals that Mr. Noel asserted a timely claim for return of the seized property. Mr. Noel's claim included the essential facts regarding the lack of underlying illegal conduct that would give rise to the forfeiture of his property. He specified that the currency was not used in transporting or distributing narcotics, nor was it proceeds from the sale of narcotics. Additionally, Mr. Noel pointed out the lack of specificity in the State's Notice of Forfeiture, which precluded him from being able to more fully set forth a defense. A Peremptory exception of no right of action is used to show that a plaintiff has no legal right or interest in enforcing the matter, based upon facts and evidence submitted. La.Code Civ.P. arts. 681, 927. The State has made no showing that Mr. Noel has no legal right or interest in the property that was seized. In denying the State's Exception of No Cause of Action and/or Motion to Strike, the trial court stated: "The State's issue is not Noel's standing, but rather his alleged failure to file a proper affidavit under 40:2610(B). Noel's affidavit satisfies the requirements of 40:2610(B)." We agree. As such, we find no error in the trial court's ruling. Accordingly, we affirm the trial court's ruling on this issue.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In its second assignment of error, the State argues that the trial court abused its discretion by ruling on the merits of the case when the hearing was limited to the State's Peremptory Exception of No Standing and/or Motion to Strike in direct

5

contradiction with the claim requirements of La.R.S. 40:2610(B). We find merit to this assignment of error.

La.R.S. 40:2604 provides that property may be seized for forfeiture on probable cause to believe that the property is subject to forfeiture. Only certain property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband, as described in La.R.S. 40:2604.

Louisiana Revised Statutes 40:2611(C) provides, in pertinent part, if no probable cause determination has been made, a hearing must be held "on the sole issue of whether probable cause for forfeiture of the property then exists."

The State argues that in a forfeiture proceeding, a hearing must be held on the issue of whether probable cause for forfeiture of the property exists. The State asserts that the trial court abused its discretion in making a merits determination when the only issue before the court was the exception. The State further argues that the trial court's failure to conduct a probable cause hearing prevented the State from presenting evidence of whether or not the property seized was contraband.

We find that the trial court's ruling finding no probable cause is premature. Louisiana Revised Statutes 40:2611(C) requires that a hearing be held "on the sole issue of whether probable cause for forfeiture of the property exists." The record reveals that there was no hearing. As such, the trial court's ruling went beyond the scope of the exception. It prevented the State from presenting evidence of whether the property seized was contraband. Accordingly, we remand this matter to the trial court for a hearing on the issue of whether probable cause existed for forfeiture of the property.

**CONCLUSION:**

Appellant, State of Louisiana, asserts two assignments of error as to why the trial court erred in denying its Peremptory Exception of No Standing and/or Motion

to Strike. We find no merit to the State's first assignment of error. Accordingly, we affirm the trial court's ruling on this issue. We find merit to the State's second assignment of error. Accordingly, we reverse the trial court's ruling on this issue and remand this matter to the trial court for further proceedings consistent with this opinion.

Costs of this appeal are assessed to the State in the amount of $620.00.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**